IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA TAFOYA MARLIN,

      Plaintiff,

vs.                                                   No.  10cv0049 DJS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Counsel's Application for Attorney Fees from Past-Due Benefits Pursuant to Federal Rule of Civil Procedure 60(b)(6) and 42 U.S.C. §406(b)(1) **[Doc. No. 24]** filed on February 4, 2011.  Plaintiff's counsel filed a Notice of Completion of Briefing on February 25, 2011 (Doc. No. 26).  Pursuant to §406(b)(1) and Rule 60(b)(6), Plaintiff moves the Court for an Order authorizing attorney fees in this matter in the amount of $9000.00 from Plaintiff's past-due disability insurance benefits for legal services rendered before the Court.  Having reviewed Plaintiff's counsel's application, the parties' memoranda in support and in opposition, and the applicable law, the Court will **GRANT** the application.

### I.  Background

On July 30, 2010, the Court entered its Memorandum Opinion and Order and Judgment granting Plaintiff's Motion to Remand. [Doc. No. 18].  However, Plaintiff had filed a second application for social security disability insurance benefits while her first claim was pending at the Appeals Council.  On November 19, 2009, a second ALJ approved Plaintiff's second

application with a disability onset date of March 29, 2008. [Doc. No. 13 & Ex. A]. Defendant determined that Plaintiff was entitled to past-due benefits in the amount of $19,842.00 under the second application. Pl.'s Ex. A (Notice of Award). Defendant also authorized and paid Plaintiff's counsel attorney fees in the amount of $4,960.50 for his representation before the Commissioner.

Following remand in the instant action, on December 30, 2010, the ALJ determined Plaintiff was disabled since December 31, 2003. Pl.'s Ex. B (Notice of Decision). Defendant determined that Plaintiff was entitled to past-due benefits in the amount of $61,633.00 under the first application. Pl.'s Ex. C (Notice of Award) & Ex. D (Social Security Administration, Important Information). Defendant paid Plaintiff's counsel an additional $1,039.50 for a total of $6000.00 in attorney fees for his representation of Plaintiff before the Social Security Administration [$4,960.50 + $1,039.50]. Pl.'s Ex. D. Defendant also withheld past-due benefits in the amount of $14,368.75 toward payment of any attorney fees the Court may award pursuant to §406(b). Plaintiff's counsel now seeks authorization to receive $9,000.00 of the withheld benefits as attorney fees for legal services rendered before the Court.

## II. Discussion

As part of its judgment in social security disability cases, the Court may allow "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. §406(b)(1)(A). The fee is payable out of the claimant's past-due benefits. The EAJA provides for fees payable by the United States. EAJA fees are determined not by a percent of the amount recovered but by the time expended and the attorney's hourly rate. 28 U.S.C. §2412(d)(1)(B). Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822 (2002).  "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

In *Gisbrecht*, the Supreme Court noted that the traditional lodestar method shifts the cost of litigation fees to the loser, whereas in social security disability cases, the cost of litigation fees is being shifted to the prevailing claimant.  The Court concluded:

> Most plausibly read, we conclude, §406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, as petitioners in this acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807, 122 S.Ct. at 1828.  Accordingly, the Court looks first to the contingent-fee agreement and then tests it for reasonableness.  The Court must act as an independent check on such arrangements to assure that they satisfy the statutory requirements of yielding a "reasonable" result in particular cases. *Id.* at 808.  Attorney fees may be reduced if the representation is substandard, if the attorney is responsible for the delay, or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

The Commissioner awarded Plaintiff $81,475.00 [$19,842.00 + $61,633.00] in back benefits.  Plaintiff's counsel requests $9000.00 for his representation of Plaintiff before the Court.  Plaintiff's counsel expended 20.4 hours before the Court. [Doc. No. 20, Ex. B].  The amount requested represents 18.4 percent of Plaintiff's total past-due benefits.  Plaintiff's counsel also will refund Plaintiff the amount of EAJA fees the Court previously awarded in the

3

amount of $3,549.60.  The Court has carefully reviewed counsel's application and finds that the amount requested is reasonable.  Accordingly, the Court will grant the application and grant attorney fees in the amount of $9,000.00 pursuant to §406(b).

**NOW, THEREFORE,**

**ITS IS HEREBY ORDERED** that Plaintiff's Counsel's Application for Attorney Fees from Past-Due Benefits Pursuant to Federal Rule of Civil Procedure 60(b)(6) and 42 U.S.C. §406(b)(1) **[Doc. No. 24]** filed on February 4, 2011 is **GRANTED**.  Plaintiff's counsel is awarded $9000.00 in attorney fees.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall pay to Plaintiff the fee collected under the EAJA in the amount of $3,549.60.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**